**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUAN D. ANCHETA BARRAGAN,<br>Petitioner,<br>v.<br>LUIS SOTO, *et al.*,<br>Respondents. | No. 26-cv-3246<br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is petitioner Juan D. Ancheta Barragan's ("Petitioner") petition for a writ of habeas corpus, ECF No. 1, and motion for a preliminary injunction, ECF No. 7. Respondents answered the petition, ECF No. 5, and Petitioner filed a reply to that answer, ECF No. 6; *see also* ECF No. 17. In addition, Respondents opposed Petitioner's motion for a preliminary injunction. ECF No. 9. For the reasons stated below, the Court will deny Petitioner's petition for a writ of habeas corpus and deny Petitioner's preliminary injunction motion as moot.

*First*, Petitioner's detention is authorized by statute. Petitioner is subject to a final order of removal and is therefore subject to detention pursuant to 8 U.S.C. § 1231(a). In particular, because Petitioner was previously removed from the United States pursuant to a final order of removal and unlawfully re-entered the country thereafter, he is subject to a reinstated final order of removal under 8 U.S.C. § 1231(a)(5).[1] ECF No. 9 at 1 n.1 (citing ECF No. 9-1. Ex. A (Order

[1] Petitioner incorrectly asserts in his most recent filing that "Respondents have not submitted extrinsic evidence showing that the Petitioner was ever the subject of a removal order." ECF No. 17 at 2. Respondents explained in their opposition to Petitioner's motion for a preliminary injunction that they "realized that they inadvertently indicated that Petitioner was removed on November 17, 2008, and unlawfully reentered the United States after his 2008 removal. However, according to ICE documents Respondents recently obtained, Petitioner was actually deported in January 2007 and unlawfully reentered the United States sometime thereafter." ECF No. 9 at 1 n.1. And they attach to that submission an Order of Deportation dated November 2006 that was subsequently executed when Petitioner was removed in January 2007. ECF No. 9-1, Ex. A.

of Deportation dated November 29, 2006, stating that Petitioner entered the United States in March 2003 pursuant to Section 217 of the Immigration and Naturalization Act, overstayed his authorized period of stay, and was then removed to Uruguay on January 3, 2007)); *see Sandoval v. Tsoukaris*, No. 26-1088, 2026 WL 1229781, at *2 (D.N.J. May 5, 2026). Furthermore, 8 U.S.C. § 1231(a)(1)(A) provides that when a non-citizen "is ordered removed, the Attorney General shall remove [him] from the United States within a period of 90 days." During this 90-day removal period, 8 U.S.C. § 1231(a)(2)(A) requires the Attorney General to detain the non-citizen. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("After entry of a final removal order and during the 90-day removal period, . . . aliens must be held in custody."). And under 8 U.S.C. § 1231(a)(6), "the Government 'may' continue to detain an alien who still remains here" after the expiration of the 90-day removal period. *Id.* (quoting 8 U.S.C. § 1231(a)(6)); *see also Nunes v. Decker*, 480 F. App'x 173, 174 (3d Cir. 2012) ("If the alien is not removed within 90 days, he may be detained longer pursuant to 8 U.S.C. § 1231(a)(6)."). Therefore, Petitioner's detention is authorized by 8 U.S.C. § 1231(a).

*Second*, the length of Petitioner's detention has not become unconstitutionally prolonged in violation of his rights under the Fifth Amendment's due process clause. In *Zadvydas*, "the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable." *Vargas Chacon v. Rokosky*, No. 26-119, 2026 WL 1048383, at *2 (D.N.J. Apr. 17, 2026). Petitioner was detained on March 19, 2026. ECF No. 1 ¶ 2; ECF No. 5 at 2. Therefore, his due process claim is premature because his detention falls short of six months. *See, e.g.*, *Quinatoa Cando v. Soto*, No. 26-6937, 2026 WL 1972148, at *2 (D.N.J. July 8, 2026).

Accordingly, **IT IS** on this 11th day of September 2026;

**ORDERED** that Petitioner's petition for a writ of habeas corpus (ECF No. 1) is **DENIED** without prejudice; and it is further

**ORDERED** that Petitioner's motion for a preliminary injunction (ECF No. 7) is **DENIED** as moot; and it is finally

**ORDERED** that the Office of the Clerk of the Court shall close this case.

**SO ORDERED**.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**